NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BEXAR COUNTY, et al.,**
*Plaintiffs-Appellees*

**v.**

**ROWLAND J. MARTIN, JR., as Administrator and Individually as Heir to the Estate of Johnnie Mae King,**
*Defendant-Appellant*

---

2022-2211

---

Appeal from the United States District Court for the Western District of Texas in No. 5:22-cv-00374-XR, Judge Xavier Rodriguez.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Appellees move to dismiss this appeal for lack of jurisdiction. Rowland J. Martin, Jr. opposes the motion.

This appeal stems from a 2014 Texas state court action filed by state tax authorities against Mr. Martin regarding a dispute over real property in Bexar County, Texas. In

April 2022, Mr. Martin removed the case to the United States District Court for the Western District of Texas. The district court granted appellees' motion to remand for lack of subject matter jurisdiction, denied Mr. Martin's motion for reconsideration, and remanded the case to state court. This appeal followed.

We lack jurisdiction over this appeal. This court generally has jurisdiction only over district court cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, § 1295(a)(4)(C); or certain cases against the United States for claims "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2). Although Mr. Martin's notice of appeal references § 1346, that provision is not applicable here because the United States is not a party to this action. Nor can jurisdiction on this matter be predicated on the "Big Tucker Act," ECF No. 1-2, because that provision applies only to claims presented to the United States Court of Federal Claims, *see* 28 U.S.C. § 1491(a)(1). Finally, to the extent that Mr. Martin's response argues that this court has jurisdiction in this case based on its jurisdiction over his separate appeal from a judgment of the United States Court of Federal Claims, we must reject that argument.

When we lack jurisdiction, we will transfer the case to another court where the case "could have been brought at the time it was filed," "if it is in the interest of justice." 28 U.S.C. § 1631. Here, however, Mr. Martin already filed an appeal with the appropriate regional circuit, the United States Court of Appeals for the Fifth Circuit, Appeal No. 22-50718.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

BEXAR COUNTY v. MARTIN                                            3

                                        FOR THE COURT

November 23, 2022                       /s/ Peter R. Marksteiner
        Date                            Peter R. Marksteiner
                                        Clerk of Court


ISSUED AS A MANDATE:  November 23, 2022